UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 JUL 13 AM 11:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

VALERIE B. STOREY,            )
                              )
    Plaintiff,                )
                              )
vs.                           )   Civil Action No. CV-98-S-1078-NE
                              )
TELEDYNE BROWN ENGINEERING    )
COMPANY, and GREG HAMBRIGHT,  )
                              )
    Defendants.               )

ENTERED
JUL 1 3 1998

MEMORANDUM OPINION

This action is before the court on defendant Greg Hambright's motion for judgment on the pleadings. Upon consideration of the motion, the court finds it would not be aided by oral argument. <u>Accordingly, this matter is removed from the July 14, 1998 motion docket</u>.

## I. SUMMARY OF FACTS

Plaintiff Valerie B. Storey asserts discrimination based upon sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, et *seq.* Storey contends Greg Hambright, a managerial employee of defendant Teledyne Engineering, made improper sexual advances towards her, and, then retaliated against her by terminating her employment when she complained about his conduct.

## II. DISCUSSION

Judgment on the pleadings is appropriate when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

*Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)(citing *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957) & citing *Hartford Fire Insurance Co. v. California*, 509 U.S. 764, 811, 113 S.Ct. 2891, 2916-17, 125 L.Ed.2d 612 (1993))).

The Eleventh Circuit holds that "[i]ndividual capacity suits under Title VII are ... inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Based on that binding precedent, plaintiff can prove no set of facts which would entitle her to relief against Hambright for violations of Title VII. Accordingly, Hambright's motion is due to be granted.

### III. CONCLUSION

For the foregoing reasons, defendant Greg Hambright's motion for judgment on the pleadings is due to be granted. A separate judgment in accordance with this memorandum opinion will be entered contemporaneously herewith.

DONE this 13th day of July, 1998.

_____
United States District Judge

2